## FAVER v. THE BANK OF THE STATE OF ALABAMA.

1. The second section of the act of 1840, in providing that the State Bank and its Branches are severally authorized to take out attachments according to the first section thereof, on the application of any indorser or security to a bill, note or other demand, and on satisfactory showing of such indorser or security, on oath or otherwise, that either of the grounds specified in the act exists, does not require an officer of the Bank to re-affirm or verify again the ground stated by an indorser or security; but if the showing is satisfactory to the Bank, and the oath or affirmation is sufficient in point of form, and made before a proper officer, the Bank may take out an attachment thereon, as provided by the first section.

Writ of Error to the Circuit Court of Tuskaloosa.

THIS was an action commenced by attachment, at the suit of the defendant in error against the plaintiff, upon a promissory note for the sum of $177 33, made by the latter, and indorsed by Joel White, and two other persons. The affidavit upon which the attachment issued was made by the first indorser of the note.

The defendant moved to quash the attachment upon the ground that the affidavit was insufficient, and this motion being overruled he craved oyer of the affidavit and attachment, and pleaded the insufficiency of both in abatement. To this plea there was a demurrer, which being sustained, the defendant pleaded over, and an issue was joined and submitted to a jury, who returned a verdict for the plaintiff, on which judgment was rendered.

S. D. J. MOORE, for the plaintiff in error, insisted, that the affidavit was insufficient, and to sustain the attachment, should have been made by the President, other officer, or agent of the Bank. [Clay's Dig. 64. §§ 46, 47.] The plea in abatement was good in point of form. [6 Ala. Rep. N. S. 468.]

P. MARTIN, for the defendant in error, contended, that the 47th section of the act cited by the plaintiff, authorized the indorser to make the affidavit; and a re-affirmance of its truth by the president, other officer or agent of the bank, is not necessary.

COLLIER, C. J.—The first section of the act of 1840, amendatory of the attachment law, so far as it relates to the State Bank and its Branches, declares that whenever it shall become necessary for either of these banks to sue out an original attachment, "it shall be lawful to sue out such attachment, upon the oath of the president, cashier, or other officer or agent of such bank, that he has reason to believe, and does believe," &c. It is provided by the second section, that "said banks are hereby severally authorized to take out attachments according to the first section of this act, on the application of any indorser or security to the bill, note, or other demand, and on satisfactory showing of such indorser or security, on oath or otherwise, that either of the grounds specified in this act exists." [Clay's Dig. 64, §§ 46, 47.]

The second section of the act cited, in authorizing attachments to be sued out according to the first, has reference to the causes which the latter prescribes, and does not mean that the affidavit shall be made by an officer, or agent of the bank. As the bank is supposed to be the legal proprietor of the debt to be recovered, the attachment must of course be taken out in its name, though "the application" be made by an "indorser or security." And it is expressly provided that there shall be a satisfactory showing of such indorser or security on oath or otherwise, that either of the grounds specified," &c., exist.

It could not have been the intention of the legislature in enacting the second section, to authorize the bank to cause an attachment to issue upon the oath of a person named in the first, upon being assured by an indorser or surety, that a party primarily liable upon paper, had subjected himself to such process. The first section had already conferred such power, whenever an officer or agent of the banks would make an oath that either of the grounds designated, really existed; and to have re-enacted it more specially, would have been an act

76

of supererogation. If then, any other construction be permissible, we must accord to the second section a different meaning, according to the rule which requires a statute to be so interpreted as to be operative in all its parts—*ut res magis valeat. quam pereat.* We think it clear, that its object was to aid indorsers and sureties, and facilitate the remedy by attachment by permitting a bank to issue it upon the oath of one of them, though an officer or agent might not be prepared to verify the existence of either of the grounds prescribed.

In requiring a " satisfactory showing" to be made " on oath or otherwise," we are to understand that the ground is to be laid in the manner prescribed by law, viz, *by oath or affirmation* made before some competent officer. The bank by adopting it, and consenting to prosecute an attachment issued thereon, clearly indicates that it is satisfactory. This view may serve to show that the supposition that the " showing" of the " indorser or surety" was intended to satisfy the bank that there was a good cause for issuing an attachment, but an officer or agent must himself make an oath in order to obtain it, is altogether unfounded.

It is a necessary sequence from what has been said, that the affidavit was made by a proper person—no objection has been made to its sufficiency in other respects, and none has suggested itself to us. The judgment of the circuit court is consequently affirmed.